IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Frank Stephon Johnson,            )
                                  )
            Plaintiff,            )   C.A. No. 0:18-0876-HMH-PJG
                                  )
      vs.                         )   **OPINION & ORDER**
                                  )
Correct Care Solutions Corp.,     )
Mrs. M. Gaskins, Director         )
Dr. Randolph, RN Shannon,         )
Mrs. Nurse McLean, and Nurse Melissa,  )
                                  )
            Defendants.           )

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Frank Stephon Johnson ("Johnson"), a state pretrial detainee, proceeding pro se, alleges violations of 42 U.S.C. § 1983. Johnson filed two motions for summary judgment. (Pl.'s First Mot. Summ. J., ECF No. 39; Pl.'s Sec. Mot. Summ. J., ECF No. 73.) Defendants Correct Care Solutions Corp., Mrs. M. Gaskins, Nurse McLean, Nurse Melissa, Dr. Randolph, and RN Shannon (collectively "Defendants") also filed a motion for summary judgment. (Defs.' Mot. Summ. J., ECF No. 94.) In her Report and Recommendation, Magistrate Judge Gossett recommends dismissing Johnson's claims without prejudice for failure to exhaust his administrative remedies. (R&R 6, ECF No. 107.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Johnson filed objections to the Report and Recommendation. (Objs., generally, ECF No. 111.) Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Johnson's objections are non-specific, unrelated to the dispositive portions of the Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Johnson objects to the magistrate judge's finding that Johnson was not prevented from appealing any of his grievances. (Objs., 3-4, ECF No. 111.) This objection is without merit.

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust available administrative remedies prior to commencing a federal action challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). It appears that Johnson filed and received responses to twenty-six grievances related to his medical care at Alvin S. Glenn Detention Center ("ASGDC"). (R&R 5, ECF No. 107.) Johnson did not appeal any of these grievances, as required by ASGDC's grievance procedure. Johnson submits that the instructions for filing an appeal were unavailable to him because his grievances involved medical concerns, rather than concerns regarding prison conditions. (Objs. 4, ECF No. 111.) However, the following is printed at the bottom of every Inmate Grievance Form: "If not satisfied with the Grievance Officer's response, you may appeal to the Director or designee once by completing the reverse

side of this form within 3 business days.  The Director or designee decision is FINAL." (Pl.'s First Mot. Summ. J. Attach. 1, (Supp. Docs. 1, 5, 9, 12, 15, 18, 21-23, 25, 27-28, 31, 35-39, 41, 44-46), ECF No. 39-1.)  Johnson attached these forms to his first motion for summary judgment.  Thus, Johnson plainly had access to these instructions, and his assertion that these instructions were unavailable to him is without merit.

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Gossett's Report and Recommendation and incorporates it herein.

Therefore, it is

**ORDERED** that Johnson's motions for summary judgment, docket numbers 39 and 73, are denied.  It is further

**ORDERED** that Defendants' motion for summary judgment, docket number 94, is granted.  It is further

**ORDERED** that Johnson's claims are dismissed without prejudice.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
December 19, 2018

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.